**Dated: October 11, 2024**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| William Dean Yates | ) | |
| Hannah Elizabeth Sitton, | ) | |
| | ) | |
| Debtors. | ) | Case No. 24-10537-JDL |
| | ) | Chapter 13 |
| | ) | |
| Blue Sky Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 24-1046-JDL |
| | ) | |
| William Dean Yates | ) | |
| Hannah Elizabeth Sitton, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO DISMISS

### I. Introduction

This is an adversary proceeding brought by Blue Sky Bank ("Bank") seeking the

Court to determine that the approximately $305,000 owed it by Debtor/Defendant William

Yates ("Yates") is nondischargeable by virtue of Yates having disposed of the Bank's collateral for loans without the Bank's knowledge or consent and without remitting the proceeds thereof to the Bank in violation of 11 U.S.C. § 523(a)(6).[1]  Defendant Yates has filed a motion to dismiss on the basis that the Bank's Complaint under § 523(a)(6) does not state a claim for relief because the Complaint fails to identify facts that could result in the Court making the required finding that Yates caused "willful and malicious injury to another entity or the property of another entity" as required by § 523(a)(6).[2]  Before the Court for consideration are Yates' *Motion to Dismiss Adversary Complaint* [Adv. Doc. 8] and the Bank's *Response in Opposition to Motion to Dismiss*. [Adv. Doc. 9].

## II. Jurisdiction

The United States District Court for the Western District of Oklahoma has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. § 1334(b).  This Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a) and (b)(1) and the District Court's General Order of Reference contained in Local Rule LCvR 81.4.  This adversary proceeding is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).  Furthermore, pursuant to Rules 7008 and 7012

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

[2] The Bank's Complaint also names Hannah Elizabeth Sitton as a Defendant and asserts that "Defendants are parties to a series of consumer and commercial loans with the (Bank);" however, the Mortgage and Commercial Security Agreement attached to the Complaint as exhibits do not show Sitton as a party to those documents. In its response to the Debtors motion to dismiss the Bank states that it "is prepared to dismiss this Complaint as it relates to Hannah Sitton and intends to do so in the immediate future." [Doc. 9, pg. 2].  The Court assumes that the Bank will shortly be filing a dismissal of the case as to Defendant Sitton.

2

of the Federal Rules of Bankruptcy Procedure,[3] the parties have consented to the jurisdiction of this Court and its ability to enter final orders and judgments. This adversary proceeding arises under the Defendants' Chapter 13 case pending in this District and venue is proper pursuant to 28 U.S.C. § 1409(a).

### III. The Standards for a Motion to Dismiss

A plaintiff bears the burden to frame a complaint with enough factual matter to suggest that he or she is entitled to relief. *Robbins v. Oklahoma ex rel. Oklahoma Department of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). A motion to dismiss for "failure to state a claim upon which relief can be granted" is governed by Rule 12(b)(6) of the Fed.R.Civ P., made applicable to adversary proceedings by Rule 7012.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain enough facts to state a cause of action that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). This standard requires the factual allegations contained in an adversary complaint be sufficient to raise a right to relief above mere speculation. *Twombly*, 550 U.S. at 555; *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (stating complaint must give the Court reason to believe that the plaintiff has a reasonable likelihood of mustering factual support for the claims raised). *See also Ashcroft v. Iqbal*,

---

[3] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

556 U.S. 662, 678, 129 S.Ct. 1937 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Cook v. Baca,* 512 Fed.Appx. 810, 821 (10th Cir. 2013)**;** *Lamar v. Boyd,* 508 Fed.Appx. 711, 713-14 (10th Cir. 2013).  Bare legal conclusions and simple recitations of the elements of a cause of action do not satisfy this standard. *Twombly,* 550 U.S. at 555.

The Tenth Circuit has interpreted "plausibility," a term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins,* 519 F.3d at 1247.  Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id*. (internal quotations omitted).

In considering a motion to dismiss, the Court must evaluate the facts alleged in the complaint in the light most favorable to the plaintiff.  *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006); *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).  "That the Court accepts them as true, however, does not mean allegations in the complaint are in fact true; a plaintiff is not required to prove his case at the pleading stage."  *Higginbottom v. Mid-Del School District,* 2016 WL 951691 (W.D. Okla. 2016).  It is well recognized that "granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleadings but also to protect the interests of justice."  *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

4

### IV. The Allegations of the Complaint

Since a motion to dismiss is judged on the well-pled allegations of a complaint being accepted as true and viewed in the light most favorable to the plaintiff, the substantive allegations of the Bank's Complaint need be examined, and the Court must determine whether the Complaint alleges sufficient facts supporting all the elements necessary to establish an entitlement to relief of nondischargeability under § 523(a)(6). *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).  Accordingly, the relevant, non-conclusory facts in the Complaint are:

1. Yates was party to a series of consumer and commercial loans with the Bank secured by among other things, residential property and restaurant equipment.[4]

2. A portion of the restaurant equipment securing the Bank's loan was destroyed in a fire at debtor's property.  Yates has represented that he conveyed to a third-party any restaurant equipment securing the obligation that survived the fire.

3. Yates has further represented to the Bank that the residential property was previously surrendered by Defendants in a prior bankruptcy proceeding. The Bank is unaware of any such surrender in a prior bankruptcy proceeding.

4. To the extent Yates took any action without the Bank's knowledge or consent that extinguished or impaired the Bank's interest in the residential property, Yates willfully and maliciously injured the Bank and its property.

5. To the extent Yates sold or otherwise conveyed the restaurant equipment after

---

[4] The Complaint alleges that "Defendants" were parties to the loan agreements with the Bank; however, the Mortgage and Commercial's Security Agreement attached to the Complaint show that Defendant Sitton was not a party to those documents. *supra* footnote 2.

granting the Bank a security interest, Yates willfully and maliciously converted the proceeds from the sale or conveyance of the restaurant equipment.

6. The above-described conduct is grounds for denial of discharge of debt pursuant to 11 U.S.C. § 523(a)(6) which provides that a debtor is not discharged from any debt *"for willful and malicious injury by the debtor to another entity or to the property of another entity."*

## V. Discussion

Debts arising from a debtor's willful and malicious injury to property of another are nondischargeable under 11 U.S.C. § 523(a)(6). That section provides:

> (a) A discharge under section 727, 1141, ..., 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> \*\*\*\*
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

In the Tenth Circuit, nondischargeability under this subsection requires that the debtor's actions be both willful and malicious. *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004) ("Without proof of *both* [willful and malicious elements under 523(a)(6)], an objection to discharge under that section must fail.") (emphasis in original); *Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley),* 235 B.R. 651, 655 (10th Cir. BAP 1999) (stating that "[i]n the Tenth Circuit, the phrase 'willful and malicious injury' has been interpreted as requiring proof of two distinct elements—that the injury was both 'willful' and 'malicious.'"). The "willful" element requires both an intentional act and an

intended harm; an intentional act that leads to harm is not sufficient. *In re Parra*, 483 B.R. 752, 771 (Bank. D. N.M. 2012). The Tenth Circuit has articulated the "willful" component as requiring proof that the debtor "must 'desire ... [to cause] the consequences of his act ... or believe [that] the consequences are substantially certain to result from it.'" *Longley,* 235 B.R. at 656 (quoting *Restatement (Second) of Torts* § 8A (1965)); *See also Dorr, Bentley & Pecha, CPA's, P.C. v. Pasek (In re Pasek),* 983 F.2d 1524, 1527 (10th Cir. 1993).

The second required element under § 523(a)(6) is that the debtor's actions be "malicious." For a debtor's actions to be malicious, they must be intentional, wrongful, and without justification or excuse. *Parra,* 483 B.R. at 772; *In re Deerman,* 482 B.R. 344, 369 (Bank. D. N.M. 2012) (citing *Bombardier Capital, Inc. v. Tinkler,* 311 B.R. 869, 880 (Bank. D. Colo. 2004)); *See also Saturn Systems, Inc. v. Militare (In re Militare),* 2011 WL 4625024, at *3 (Bank. D. Colo. 2011) (a "wrongful act, done intentionally, without just cause or excuse"); *Tso v. Nevarez (In re Nevarez),* 415 B.R. 540, 544 (Bank. D. N.M. 2009) (without justification or excuse); *America First Credit Union v. Gagle (In re Gagle),* 230 B.R. 174, 181 (Bank. D. Utah 1999) (without justification or excuse).

Since § 523(a)(6) requires a creditor to prove both a willful act and a malicious injury, an intentional tort is required, and debts resulting from recklessness or negligence are not within the scope of § 523(a)(6). *See Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (holding "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)"); *In re White,* 2021 WL 450992, at *8 (Bankr. W.D. Okla. 2021) ("Thus, an intentional tort is required, and debts resulting from recklessness or negligence are not within the scope of Section 523(a)(6).");

7

*Lockerby v. Sierra*, 535 F.3d 1038, 1041-42 (9th Cir. 2008) (holding that an intentional breach of contract cannot create a nondischargeable debt for purposes of § 523(a)(6) unless the misconduct also constitutes a separate tort under state law).

Although the facts in *Geiger* did not concern a debtor's conversion of collateral, the text of the opinion reaffirms that conversion can, under certain circumstances, give rise to a nondischargeable debt pursuant to § 523(a)(6). The Court specifically referred to its earlier decision under the Bankruptcy Act, *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332, 55 S.Ct. 151, 79 L.Ed. 393 (1934). In *Davis* the Supreme Court cautioned that:

> [A] willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice. There may be an honest but mistaken belief, engendered by a course of dealing, that powers have been enlarged or incapacities removed. In these and like cases, what is done is a tort, but not a willful and malicious one.

*Id*. at 332.

Cases subsequent to *Geiger* that have considered whether the acts of conversion constitute willful and malicious injury focused on the distinction between whether the conversion was an intentional one or merely a reckless or negligent conversion of property. *See e.g., In re Adkins,* 567 B.R. 501 (Bankr. S.D. W.Va. 2017) (conversion may be a "willful and malicious injury," within the meaning of the dischargeability exception, but a finding of nondischargeability requires more than negligent, grossly negligent, or reckless conduct; rather, the creditor must show that the conversion was both willful and malicious.). The fact that a debtor's use of proceeds of collateral was motivated by a desire to keep the

debtor's business afloat was insufficient to render the debtor's intent less than "willful and malicious." *In re Daviscourt*, 353 B.R. 674, 688 (10th Cir. BAP 2006).

In the Court's opinion, the Bank has pled a classic claim for nondischargeability of a debt where the debtor has converted a secured creditor's collateral by disposing of the same without the secured creditor's knowledge or consent and failing to remit the proceeds to the creditor.  A plaintiff alleging conversion as the basis for nondischargeability under § 523(a)(6) must first establish that conversion has occurred under Oklahoma law, and then that the conversion was willful and malicious.  The conversion of a secured creditor's collateral and the proceeds thereof is a tort under Oklahoma law, as is the case in almost all states. *See e.g., Welty v. Martinair of Oklahoma, Inc.,* 1994 OK 10, 867 P.2d 1273*,*1275 ("Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."); *Farmers and Merchants National Bank, Fairview v. Fairview State Bank, Fairview*,1988 OK 136, 766 P.2d 330, 334 (Okla.1988) (refusal to remit to the Bank a portion of the proceeds in which the bank held a perfected security interest was "a wrongful assumption of rights of another to personal property" and thus constituted conversion."); *Hasalia v. Walker ( In re Walker)*, 416 B.R. 449, 468 (Bankr. W.D.  N.C. 2009) ("For the debt to be nondischargeable under § 523(a)(6), the breach must be accompanied by some conduct that is legally wrong or tortuous within the meaning of § 523(a)(6). One such independent, but intentional, act is willful conversion.").

The problem with conversion cases is that rarely are the debtors acting out of a desire to injure the creditors, even though the injury to the creditor, although not desired, is almost always substantially certain to result from the debtor's actions.  Thus, the key in

9

conversion cases is to analyze the circumstances on a case-by-case basis to determine whether the conversion is in the nature of an intentional tort or whether the conversion is the result of a negligent or reckless tort – but not willful and malicious.  That is a matter of proof, not pleading.  In his motion to dismiss, Yates argues that "the Plaintiff must *prove* that Defendant's conduct was both willful and malicious in order to prevail." (Emphasis added.).  That is true; however, at this stage of litigation the issue is not whether the Bank can present enough evidence at trial to prevail, but only whether it has at least pled the essential elements and facts to support its claim.  In the Court's opinion, it has.

Additionally, Yates argues that the Bank has failed to describe the "injury" it or its property suffered as a result of Yates's actions, and that it has failed to quantify its alleged loss.  Yates thus argues that without an "injury directly caused by Yates's actions, there exists no debt to except from discharge."  Without a description of the debt, Yates argues that "the complaint is conclusory rather than a statement of the facts that could lead to a denial of discharge."  The Court disagrees.  In the conversion of collateral scenario, the true inquiry is not that the creditor's collateral was wrongly or improperly disposed of but whether proceeds were used for purposes other than the payment of the obligation that the property secured.  Consequently, the proper question is not whether the debtor intended that its secured creditor would go unpaid.  Instead, the question is whether the debtor intended to improperly use the creditor's collateral and or proceeds for purposes other than the payment of the debt that the property secured.  If so, there is an intentional injury. *In re Longley,* 235 B.R. 651, 657 (10th Cir. BAP 1999).  That is a determination that can only be reached at trial.

10

The Bank has sufficiently pled a claim of a secured creditor for nondischargeability for conversion of its security interest. The allegation that Yates converted the Bank's collateral and its proceeds is sufficient to state a claim for injury. Proof of the amount of the Bank's damages, "injury," is for trial. Accordingly,

**IT IS ORDERED** that the Defendants' *Motion to Dismiss* [Adv. Doc.8] is **Denied** so that the underlying merits of this matter can be adjudicated.

**IT  IS FURTHER ORDERED**  that pursuant to Fed.R.Bankr.P. 7012(a) the Debtor-Defendant is directed to file an answer to the Amended Complaint  **no later than 14 days from the date of this Order.**

**#   #   #**